IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-40335-TJM |
| | ) | |
| AUSTIN STEWART BEENBLOSSOM and | ) | CH. 13 |
| TAMARA KAY BEENBLOSSOM, | ) | |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on June 9, 2010, regarding Filing #19, Chapter 13 Fee Application, filed by Francis X. Skrupa, and Filing #22, Objection to Chapter 13 Fee Application, filed by the debtors. Dana London appeared for the debtors and Francis Skrupa appeared as applicant.

The debtors have objected to the fee application filed by their former attorney. Mr. Skrupa, the former attorney, appeared in person at the hearing on the objection and attempted to explain some of the entries on the fee application.

The debtors objected to being charged $290 for the one-hour initial consultation and case analysis. It is their position that they were told there was no charge for the initial consultation. However, they signed a fee agreement (Fil. #32) which does provide that if, after the initial consultation, the client engaged Mr. Skrupa's office, there would be a charge for the time spent at the initial consultation.

In addition, the debtors object to the amount of the fees as unreasonable.

In the document filed along with the petition and entitled "Disclosure of Compensation," Mr. Skrupa states that his services would be charged at the rate of $260 per hour. That is consistent with numerous other fee applications his office has filed that cover the same time period. However, the fee agreement that he entered into with the debtors states that he will charge $290 per hour for his time, and he has charged that amount in this fee application. I am reducing his hourly rate on this fee application because it is inconsistent with the Disclosure of Compensation filed in the case and because it is inconsistent with his hourly rate in other Chapter 13 cases that cover the same time period. I acknowledge that, following the hearing, Mr. Skrupa amended the Disclosure of Compensation to reflect the $290 per hour rate and listed the hourly rate for associate attorneys and paralegals as reflected in the fee agreement. However, the after-the-fact disclosure of contractual fees is discouraged and is not accepted with regard to the fee request in this case.

Although the amended Disclosure of Compensation lists hourly rates for paralegal services at $100 per hour, in numerous other bankruptcy cases filed by Mr. Skrupa's office and covering the same time period, the hourly rate for such services was charged at $80 per hour. This fee application charges those services at $100 per hour. I have reduced the hourly rate allowed from $100 to $80 for each of those services.

The fee application shows an entry on April 26, 2010, for Mr. Skrupa which reads, "Prepared and filed Motion to Withdraw." The time claimed was one hour. However, the actual document that was filed in the case (Fil. #18), consists of the following language:

      COMES NOW Francis X. Skrupa, the attorney for the Debtor, and moves this Court for an Order allowing the Attorney to withdraw as the attorney of record for the above captioned Debtors. Movant states as follows:

      1. Productive communication between Debtors and Counsel has deteriorated to the extent that effective representation is no longer feasible.

      WHEREFORE, Movant prays for an order allowing Movant to withdraw from representation and for whatever other relief the Court deems just and proper.

      I do not believe that the preparation of such motion took an hour. At the hearing, Mr. Skrupa agreed that claiming an hour was in error. In his supplemental response (Fil. #35), he estimates the time entry should be .25 of an hour. I shall use that amount when the fees are allowed.

      This fee application appears to contain standard time entries for various services. The same description is used in other fee applications filed by the law office for the various services. Not only are the same descriptions used, but the same amount of time is claimed for such services in each case. I don't believe the same amount of time would be incurred for services in different cases because the paperwork brought by the clients to the law office and the number of creditors and input of the creditor names and addresses would be different in almost every case. Examples of this issue abound on the first page of the application:

- .25 hour for receipt of client payment and review of client paperwork and information packet needed to prepare petition.

- .2 hour payment processing and spreadsheet data entry.

- 2.5 hours to receive client paperwork, set up client binder and organize documents, review all paperwork submitted and data entry into computer system.

- 3 hours for researching PACER for previous bankruptcies, NE Justice for legal proceedings and DMV registrations, County Assessor for residence and other properties and verification of credit counseling class.

- 1.5 hours for review of client check list for Debtor and Photo ID, SSN/Card, six month income history, six months bank statements, insurance documents, purchase agreements and utility statements.

- .3 hour to research NADA to ascertain valuation of client's cars.

- 1.5 hours for appointment with the attorney to discuss, review and sign petition.

- 1.2 hours for filing petition, plan and fax pay advices to trustee.

- .3 hour to file certificates of credit counseling.

      I point out all of these matters because in the fee procedures allowed in this district, the judges have agreed to a "no-look fee," in the amount of $3000.00, which allows an attorney to

request that amount as a flat fee plus reasonable expenses up to $300.00, and then file a supplemental fee application at a later date if extraordinary services are rendered. Alternatively, the procedure permits a law firm to submit an itemized statement of time entries which exceed the standard flat fee. However, if the itemized statement procedure is used, the time entries shown should reflect the actual time it took to perform the service, rather than a standard "in house" entry time for such services.

The great majority of law firms in the District of Nebraska use the flat fee procedure. Only a few firms in Omaha use the itemization procedure. Interestingly to the judges, those firms in Omaha that use the itemization procedure are the very firms that have the highest volume of case filings and therefore should, from our point of view, be the most efficient. The flat fee should cover the actual number of hours involved in almost all cases, with a supplementary application justified in very few cases. By this order I am not requiring Mr. Skrupa to always use the flat fee procedure, but I am reducing his fee request significantly because of the matters discussed earlier and what I consider an unreasonable amount of "in house standard time" claimed.

In addition to the matters discussed above, there is an issue concerning a law firm charging for secretarial or administrative functions, which, traditionally, have been treated as overhead and either not charged at all, or not charged at professional or paraprofessional rates.

There has been little guidance on this issue from courts in the Eighth Circuit. Most of the case law around the country suggests that "ministerial tasks" (typing, file organization, document preparation, searching or filing documents on PACER, etc.) performed by a professional or paraprofessional should not be allowed as a separate charge because it is part of the office overhead which should already be built into counsel's hourly rate. See In re Dimas, LLC, 357 B.R. 563, 577 (Bankr. N.D. Calif. 2006) ("Services that are clerical in nature are not properly chargeable to the bankruptcy estate. They are not in the nature of professional services and must be absorbed by the applicant's firm as an overhead expense."). There is some older authority, however, for the proposition that the court should look at the "sum total" of the services rendered in determining whether a specialized service was performed which benefitted the estate, even if it was a clerical task performed by a professional. In re Interstate Restaurant Sys., Inc., 61 B.R. 945, 949 (S.D. Fla. 1986).

With regard to billing for clerical work, the Supreme Court said, in a case involving the award of attorney fees under the Civil Rights Act, that:

> It has frequently been recognized in the lower courts that paralegals are capable of carrying out many tasks, under the supervision of an attorney, that might otherwise be performed by a lawyer and billed at a higher rate. Such work might include, for example, factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence. Much such work lies in a gray area of tasks that might appropriately be performed either by an attorney or a paralegal. To the extent that fee applications under § 1988 are not permitted to bill for the work of paralegals at market rates, it would not be surprising to see a greater amount of such work performed by attorneys themselves, thus increasing the overall cost of litigation. Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them. What the court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (CA5 1974), said in regard to the work of attorneys

is applicable by analogy to paralegals: "It is appropriate to distinguish between legal work in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it."

Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989).

Many of the time entries in this fee application for work performed by the employees identified as paralegals appear to be, functionally, clerical. File setup, scanning, setting up appointments, would be considered, according to the authority cited above, clerical in nature and not billable. I will, therefore, discount the amount claimed as paralegal time. I suggest that in the future Mr. Skrupa, and other law firms using a similar billing system, review the functions performed by the "paralegals" and bill, or not bill, accordingly.

In this case, I have reduced Mr. Skrupa's hourly rate from $290 to $260. I have reduced the hourly rate for all non-attorneys from $100 to $80. I have reduced the entry on 4/26/2010 concerning preparation and filing of the motion to withdraw from one hour to .25 hour. With such changes, the total fee application amount is reduced from $5,635.50 to $5,029.00. That amount still far exceeds the average attorney fee for a Chapter 13 case in the District of Nebraska. In addition, the services rendered by Mr. Skrupa's office did not get the case to confirmation. The client requested that he withdraw and another attorney has taken over the case. I assume there will be a fee application filed by that attorney for services rendered through confirmation. Therefore, I believe the fees incurred, even as modified by my changes, are not reasonable. The fee, before considering the clerical nature of some tasks performed, shall be reduced to $4,000.00. The reduction for billing for clerical tasks is $500, leaving $3,500 as the allowed amount of fees.

Finally, new counsel for the debtors has brought to the attention of this judge that the fee agreement entered into with the debtors appears to provide for a flat $50.00 fee for copies in paragraph 4 of the fee agreement. Although there is no other reference to copy costs in the fee agreement, our procedures recognize and provide for reimbursement of itemized out-of-pocket expenses up to $300. The paragraph referred to by current counsel for debtors concerns copy costs for other than ordinary case administration matters. The total expenses will be allowed in the amount of $152.60, the amount requested.

IT IS ORDERED that the total allowed fees plus expenses is $3,652.60.

DATED:    July 7, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Dana London    Francis X. Skrupa
    Kathleen Laughlin    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.